**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

v.                          **CASE NO. 4:10-CR-00026 BSM**

**BRYAN AUSTIN**                                                                              **DEFENDANT**

**ORDER**

Bryan Austin's motion for compassionate release [Doc. No. 313] is denied.

A jury found Austin guilty of possession with intent to distribute a cocaine base, possession of a firearm in furtherance of a drug-trafficking crime, and being a felon in possession of a firearm. He was sentenced to 228 months of imprisonment. Doc. Nos. 231, 242. He moves for compassionate early release, pursuant to 18 U.S.C. section 3582(c)(1)(A), which requires consideration of 18 U.S.C.A. section 3553 sentencing factors.

Austin has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). He filed a request for release with BOP, due to the threat posed by COVID-19 pandemic. Mot. Release at 49–50, Doc. No. 313. That request was denied on July 14, 2020, so there is jurisdiction over his motion. *Id.*; *see United States v. Smith*, case number 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020).

Austin tested positive for COVID-19 on July 7, 2020, and was declared recovered on August 4, 2020. Resp. Mot. Release at 4, Doc. No. 314. He argues that he qualifies for compassionate release because he has underlying medical conditions that greatly increase his likelihood of suffering severe complications from the virus. Mot. Release at 7. Austin

argues that his conditions, which include chest pain and early onset kidney failure, are "extraordinary and compelling" and warrant compassionate release. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). Morever, Austin argues, even if he recovers, he "likely would not fare well following exposure from a second and more virulent wave of COVID-19." Mot. Release at 6.

The government responds that Austin is not severely immunocompromised and did not require hospitalization due to COVID-19. Resp. Mot. Release at 4. Austin's BOP records do not indicate underlying conditions associated with greater risk of coronavirus complications, but even if they did, the government argues, general concerns about coronavirus exposure do not satisfy the "extraordinary and compelling" requirement of section 3582. *Id.*

The government also argues that Austin is a danger to the community, so he is ineligible for sentence reduction. *Id.* at 5; U.S.S.G. § 1B1.13. The government argues that Austin's various firearms, drug, and battery convictions, spanning over more than twenty years, show that Austin is a danger to the community. Resp. Mot. Release at 6–7.

Austin argues that he has participated in various educational and self-improvement programs while incarcerated and that he would have the support of his family if he were granted compassionate release. Mot. Release at 38–47. He states that the crimes for which was sentenced do not qualify as crimes of violence. Mot. Release at 5.

Austin's request is denied because he is a danger to society and, other than the health

issues he points out, there is no reason to revisit the Section 3553(a) factors that were considered at the time of sentencing. *See, e.g.*, *United States v. Ram*, 2020 WL 3100837, at *3 (E.D. Ark. June 11, 2020).

    IT IS SO ORDERED this 25th day of August, 2020.

                                                             _____
                                                              UNITED STATES DISTRICT JUDGE